# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Amber E.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0688** (Putnam County 21-D-AP-3)

**Charles C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amber E. appeals the order of the Circuit Court of Putnam County, entered on August 2, 2021, denying her petition for appeal of the family court's order that denied her petition for a domestic violence protective order and terminated an emergency protective order against her former coworker, Charles C.[1].

When Ms. E., a children's minister, told her pastor and employer in 2021, that she experienced a situation which, she believed, required that she report suspected child abuse by Mr. C. (a coworker), the pastor told her that he would first conduct a meeting with the two employees to allow Mr. C. to address Ms. E.'s concerns.[2] Ms. E. expressed reservation but agreed to attend the meeting that afternoon. When Ms. E. appeared and told Mr. C. of her intention to report, the situation became heated. Ms. E. left the meeting, reported her suspicions to authorities, and filed a petition for a domestic violence protective order, prompting the magistrate to enter an emergency protective order pursuant to West Virginia Code § 48-27-403(e).

Mr. C. challenged the protective order and the Family Court of Putnam County, after conducting an evidentiary hearing, entered an order, on July 6, 2021, finding that Ms. E. failed to

---

[1] Ms. E. appears by counsel Clint W. Smith. Mr. C. appears by counsel Kevin A. Nelson and Nelson A. McKown. We use initials where necessary to protect the identities of those involved in this case. See W. Va. R. App. Proc. 40(e).

[2] Pursuant to West Virginia Code § 49-2-803(a), Ms. E., a "member of the clergy[,]" is mandated to report incidents giving her "reasonable cause to suspect that a child is neglected or abused" to the West Virginia Department of Health and Human Resources. This same subsection required Ms. E. to share her concerns with her employer (the pastor) so that he could "supplement the report or cause an additional report to be made." The statute does not, however, require or endorse communications between mandatory reporters and those individuals they are required to report.

prove her allegations supporting entry of the protective order by a preponderance of the evidence. Ms. E. appealed the denial of her petition for a protective order to the Circuit Court of Putnam County, and the circuit court denied her appeal, finding no error in the family court's order. On appeal, Ms. E. asserts three assignments of error. She argues that the circuit court abused its discretion in denying her petition for a domestic violence protective order; that the circuit court erred in upholding the family court's findings of fact, because it made none; and that the circuit court erred in upholding the family court's conclusions of law, because it made none. We review these assignments of error as follows:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Thomas v. Morris*, 224 W. Va. 661, 687 S.E.2d 760 (2009).

We disagree with Ms. E.'s characterization of the family court's ruling as one failing to set forth findings of fact or conclusions of law. The family court judge made detailed findings on the record. He stated that Mr. C. "was upset. He was probably angry. He was probably rocking back and forth. . . ." But the family court judge also explained that Mr. C. "never [got] up off the couch" and that Mr. C.'s anger did not equate to actions that were "abus[ive], threatening, or harassing." On this basis, the family court explicitly concluded that Ms. E. failed to prove her allegations by a preponderance of the evidence. Our own review of the record shows that though testimony established that Mr. C. was defensive and verbally combative, the family court judge did not abuse his discretion in finding that Mr. C.'s angry behavior did not rise to the level of creating threats, harassment, or intimidation that is necessary to support the issuance of a protective order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Chief John A. Hutchison

2

Justice Tim Armstead

Hutchison, Chief Justice, dissenting, and joined by Justice Armstead:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.